UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ERIC MOSS,

    Plaintiff,

vs.

VINCENT CULLEN, WILLIAM RODRIGUEZ, E. C. BROWN, WILLIAMS, MINCY, R.N. DIXON, DR. L. PRATT, LT. FOOTMAN, HECKER, VALDEZ, DONAHUE, SFT. STOLENBERG, DR. DOUGLAS PETERSON, and JOHN/JANE DOES,

    Defendants.
                               /

No. C 11-4706 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a prisoner at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.     Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff is a California prisoner who formerly was incarcerated at the La Palma Correctional Center in Eloy, Arizona.  He has prostate cancer.  He claims that defendant Peterson, the Chief Medical Officer at La Palma, caused him to be to be transferred back to California to save the costs of medical treatment.  His other claims are against different defendants and involve events at San Quentin.  Joinder of the Arizona claim with the San Quentin claims thus is improper. *See* Fed. R. Civ. P. 20(a)(2).  Because venue is not proper here for the Arizona claim, it will be dismissed without prejudice to filing it in Arizona.

Plaintiff is member of the plaintiff class in *Plata v. Schwarzenegger*, No. C 01-01351 TEH (N.D. Cal. filed 2001) (class consists of all current and future California inmates requiring medical care under the medical care system operated by the California Department of Corrections and Rehabilitation). His claims for injunctive relief for allegedly inadequate medical care therefore cannot be brought separately here. *See McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further action through the class representative and attorney, including contempt proceedings, or by intervention in the class action."). They will be dismissed.

Plaintiff contends that his claims are made on behalf of himself and "all other similarly treated prisoners with the California Department of Corrections and Rehabilitation." It thus appears that he is trying to bring the case as a class action. Pro se prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class, however, *see Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"), so class certification may be denied on that basis, *see Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D. N.Y. 1980) (denying class certification on basis that pro se prisoner cannot adequately represent class). Class certification will be denied.

Plaintiff provides considerable discussion of his litigation on the same claims in state court. There is no federal requirement for exhaustion of state judicial, as opposed to administrative, remedies, and this court may not review the decisions of a state court. *See Mothershed v. Justices*, 410 F.3d 602, 606-07 (9th Cir. 2005) (*Rooker-Feldman* doctrine); *Jenkins v. Morton*, 148 F.3d 257, 259-60 (3d Cir. 1998) (judicial remedies). To the extent plaintiff's claim is that the state court erred, it will be dismissed.

All of the dismissals discussed above are without leave to amend, because no

3

amendment could cure the defects identified.

It is difficult to ascertain exactly who the intended defendants are. For instance, a defendant named "Dr. Toothell" is listed as a defendant on page three of the form petition, but he or she is not included in the caption or in the "parties" section of the attached typewritten "Civil Complaint." Dr. Peterson is not listed in the caption or the list of defendants in the form complaint, although he clearly is intended to be a defendant, and defendants Cullen, Rodriguez, Brown, Pratt, Hecker, Valdez, Stolenberg are listed in the caption and in the list of defendants in the form complaint, but not in the list of defendants in the attached typewritten complaint.

The complaint is not manageable in its current form. It will be dismissed with leave to amend, with the proviso that plaintiff omit those claims dismissed above. He must provide a consistent list of defendants, and he must allege facts sufficient to show the personal involvement of each defendant in the alleged violations of his constitutional rights.

It appears possible that plaintiff's only remaining claim is that defendants were deliberately indifferent to a serious medical need by housing him in an upper bunk, contrary to doctors' orders. If so, he should simply set out that facts of that claim and the facts showing how each defendant was involved in his being so housed.

**CONCLUSION**

1. Plaintiff's claims against defendant Peterson are **DISMISSED** without prejudice to filing in the proper court. His class action claims, his claims for injunctive and declaratory relief, and his claim that the state court erred are **DISMISSED** without leave to amend.

2. The remaining claims are **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the

dismissal of these claims.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 10, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.11\MOSS4706.DSLTA.wpd