UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ERIC MOSS,

    Plaintiff,

vs.

VINCENT CULLEN, WILLIAM RODRIGUEZ, E. C. BROWN, WILLIAMS, MINCY, R.N. DIXON, DR. L. PRATT, LT. FOOTMAN, HECKER, VALDEZ, DONAHUE, SFT. STOLENBERG, DR. DOUGLAS PETERSON, and JOHN/JANE DOES,

    Defendants.

No. C 11-4706 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a former state prisoner at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint.

## DISCUSSION

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff is a former California prisoner who formerly was incarcerated at the La Palma Correctional Center in Eloy, Arizona. He has prostate cancer and received spinal surgery in 2009. He claims that defendant Peterson, the Chief Medical Officer at La Palma, caused him to be to be transferred back to California to save the costs of medical treatment. His other claims are against different defendants and involve events at San Quentin. As stated in the prior screening order, joinder of the Arizona claim with the San Quentin claims is improper. *See* Fed. R. Civ. P. 20(a)(2). Because venue is not proper

here for the Arizona claims, the claims are dismissed

Plaintiff states he was granted a lower bunk chrono in 2007 and when he was transferred back to California to San Quentin in 2010, he was forced to live on an upper bunk. Plaintiff identifies several defendants who placed him on an upper bunk. However, plaintiff provides no details how long he was placed on an upper bunk or the specific actions of the defendants. That his new prison did not honor an upper bunk chrono fails to set forth a claim. Plaintiff also states he fell from the upper bunk, and suffered new injuries. While this may set forth a viable Eighth Amendment claim, plaintiff must describe in more detail the injuries he suffered and the specific actions of the defendants involved.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above solely regarding plaintiff's claim involving the lower bunk chrono. The amended complaint must be filed no later than **February 4, 2013**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 4, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.11\Moss4706.dwlta2.wpd

3