UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC MOSS,

    Plaintiff,

v.

VINCENT CULLEN, et al.,

    Defendants.

Case No. 11-cv-04706-WHO (PR)

**ORDER SETTING BRIEFING SCHEDULE**

Defendants' motion to dismiss this federal civil rights action (Docket No. 26) is DENIED without prejudice. Defendants are directed to renew all their arguments in support of dismissal by way of a motion for summary judgment in light of the Ninth Circuit's recent ruling in *Albino v. Baca*, No. 10-55702, slip op. at 4 (9th Cir. Apr. 3, 2014) (en banc). Such a motion, which can raise both procedural and substantive issues and defenses in support of dismissal or summary judgment, shall be filed on or before August 8, 2014. Plaintiff Moss's opposition, if any, shall be filed within 45 days after defendants' motion is filed. Defendants' reply, if any, shall be filed within 15 days after Diaz's opposition is filed. **The hearing on the motion to dismiss scheduled for Wednesday, May 14, 2014 is VACATED. The parties shall not appear.**

Because this order addresses defendants' pending motions to extend time and to convert their motion to dismiss (Docket Nos. 47 and 53), those motions are DENIED as

moot.

This new briefing schedule will also allow Moss time to attempt to locate new counsel, his prior counsel having been terminated.  **<u>The Court reminds Moss that it is his responsibility to prosecute this case, which means that he must respond on time to the Court's orders and defendants' motions even if he has not found counsel by the filing deadlines.</u>**  Moss also must keep the Court informed of any change of address.  Failure to prosecute this action may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.  **<u>The deadlines will not be extended if Moss is unable to find counsel.</u>**

The Court reminds defendants that pro se prisoner-plaintiffs must be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 938 (9th Cir. 2012).  Defendants shall provide the following notice to plaintiff when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and

documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

The Clerk shall terminate Docket Nos. 26, 47, and 53.

**IT IS SO ORDERED.**

**Dated:** May 7, 2014



WILLIAM H. ORRICK
United States District Judge